# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| OSCAR IVAN VELASQUEZ-QUINONES, | Case No. 1:17-cv-00794-BAM (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER |
| v. | |
| XAVIER BECERRA, et al., | (ECF No. 3) |
| Defendants. | |

**I.     Background**

Plaintiff Oscar Ivan Velasquez-Quinones ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff initiated this action on June 12, 2017. (ECF No. 1.) However, Plaintiff failed to file an application to proceed in forma pauperis or pay the $400.00 filing fee in full. Therefore, on June 21, 2017, the Court ordered Plaintiff to submit a non-prisoner application to proceed in forma pauperis or pay the filing fee within thirty (30) days. The Court warned Plaintiff that his failure to comply with the order would result in dismissal of this action. (ECF No. 3.) More than thirty days have passed, and Plaintiff has neither submitted an application to proceed in forma pauperis nor paid the filing

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

1

fee.

**II.     Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

A civil action may not proceed absent the submission of either the filing fee or an application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Here, Plaintiff has not filed an application to proceed in forma pauperis or paid the filing fee. Plaintiff also has not responded to the Court's order. This action can proceed no further without Plaintiff's cooperation and compliance. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance. As a result, the Court is left with no alternative but to dismiss this action.

///

### III. Conclusion and Order

Based on the foregoing, this action is HEREBY DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's order of June 21, 2017, (ECF No. 3), and his failure either to submit an application to proceed in forma pauperis or pay the filing fee.

IT IS SO ORDERED.

Dated: **August 1, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE